FILED
CLERK, U.S. DISTRICT COURT

APR - 7 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUBHASH CHADHA,<br><br>    Petitioner,<br><br>    v.<br><br>LINDA SANDERS, Warden,<br><br>    Respondent. | Case No. CV 09-4423 GW (AN)<br><br>ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the file, including the Magistrate Judge's Report and Recommendation ("R&R") and Petitioner's Objection to the R&R (dkt. 14), *de novo*.

However, before considering the R&R and Petitioner's Objection thereto, the Court addresses an aspect of Petitioner's futility of exhaustion argument that is not fully resolved in the R&R but is raised as part of Petitioner's "Traverse" to the warden's motion to dismiss and is also mentioned in his Objection to the R&R. Specifically, Petitioner contends it was futile for him to exhaust his administrative remedies, and that he should be excused from doing so, because a delay and an alleged backdating of the warden's response to Petitioner's BP-9 caused Petitioner to miss the deadline for filing a timely appeal to the Regional Director. (Petitioner's traverse to Respondent's motion to dismiss petition at 3-5, 7.) Petitioner's contention is based upon the following facts, which he alludes to in his Traverse but more fully develops in his Objection to the R&R: (1) on June 13, 2009, Petitioner filed his BP-9, which the warden received on

1 | June 16, 2009; (2) on June 16, 2009, the warden received the BP-9, therefore his response was due on or before July 6, 2009; (3) on July 13, 2009, Petitioner submitted an inmate request to staff inquiring about the lack of a response from the warden; (4) on July 14, 2009, the warden responded by mailing the decision denying Petitioner's BP-9, which was dated June 24, 2009, thereby "allowing [P]etitioner just one day to file his administrative appeal to the Regional office." (Objection at 2-3; *see* Traverse at 4-5.)

The Court finds the foregoing aspect of Petitioner's futility argument lacks merit for the following reason. As Petitioner acknowledges, even with the delay and alleged backdating, he still had one day to file his BP-10 with the Regional Director. Moreover, even if he did not have time due to the warden's delay and alleged backdating of the response to June 24, 2009, extensions of deadlines are available under 28 U.S.C. § 542.15(a), and approval of an extension is not inconceivable here. *See Nigro v. Sullivan*, 40 F.3d 990, 996 (9th Cir. 1994) ("Given that interference by government officials would constitute an excuse for procedural default, and that the prison's failure to act promptly cannot bind a pro se prisoner, it would appear that delay by prison officials . . . would constitute a valid reason for delay.") (omitting internal citations and quotation marks). Additionally, the Ninth Circuit has ruled that "[d]ifficulties which a prisoner may experience in meeting the time requirements for an administrative appeal are properly first brought before the administrative agency." *Id.* (quoting *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).) Petitioner has failed to proffer any facts that show he made such a request, or that doing so would have been futile. Further, 28 C.F.R. § 542.18 provides, in relevant part, "[i]f an inmate does not receive a response within the time allotted for a reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Consequently, to the extent Petitioner did not receive the warden's response to his BP-9 on or about July 6, 2009, he could have construed the lack of a response as a denial of his BP-9, thereby leaving him a week to appeal by filing his BP-10 with the Regional Director.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Petitioner's Objection to the R&R is overruled for the reasons set forth in the R&R and for the aforementioned reason.

2. The Respondent's name on the caption of the R&R is corrected to read Linda Sanders, not Joseph K. Woodring.

2. The R&R is approved and adopted as amended by this Order.

3. Judgment shall be entered denying the Petition and dismissing this action with prejudice.

4. Any and all pending motions are denied as moot and terminated.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve a copy of this Order and the Judgment on all counsel or parties of record.

Dated: April 6, 2010

GEORGE H. WU
UNITED STATES DISTRICT JUDGE